UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Junies A. Jenkins Jr. #65737<br><br>Plaintiff,<br><br>vs.<br><br>Sammy Joe Jenkins, Sr.; Brenda L. Jenkins; Ida Mae Jenkins-Heffner; Daniel D. D'Agostino; Bonnie J. Jenkins; D'Agostino and D'Agostino; Barbara Ulibari; Terry Goddard; Dora B. Schriro; Daryl Johnson; State of Arizona; and Arizona Department of Corrections,<br><br>Defendants. | C/A No. 2:08-3145-GRA-RSC<br><br>Report and Recommendation |

## Introduction

The *pro se* prisoner who is incarcerated in the Arizona Department of Corrections filed this civil action in this federal court seeking monetary damages and the return of certain real property that had belonged to his father and mother. He alleges that certain relatives defrauded his now-deceased mother, and he alleges various claims against them. The plaintiff also brings suit against several employees or officers with the Arizona Department of Corrections for interference with his access to the courts. This action is filed pursuant to 28 U.S.C. § 1915. This action should be dismissed because the plaintiff is subject to the "three strikes rule," lack of personal jurisdiction over several defendants, and pursuant to the *Rooker-Feldman* doctrine and the Eleventh Amendment.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989);

2

*Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Factual Background

From a review of the complaint, amended complaint, and the attachments to both, the court has gleaned the following factual allegations and causes of action. The court notes that the plaintiff has pled certain causes of action against "the South Carolina defendants" and certain causes of action against "the Arizona defendants," in the manner of a two-part lawsuit. In part one of the lawsuit, the plaintiff brings suit against several relatives who are domiciled in S.C. who allegedly stole/defrauded real property and money from his ailing mother, who was domiciled in S.C.[1] The plaintiff alleges that his older brother (Sammy Joe Jenkins) entered into a contract with his mother, Ruby Mae Houston-Jenkins, that she would deed over certain real property to him and he would pay off her mortgage and care for her until her death. The plaintiff alleges that this brother breached the contract in many respects including his failure to properly care for their mother. The plaintiff sues Sammy Joe Jenkins, Brenda L. Jenikins, Ida Mae Jenkins-Heffner, and Bennie J. Houston-Jenkins for fraud, conspiracy to commit fraud, and conspiracy to cause the wrongful death of another (plaintiff's mother) for monetary gain.

The plaintiff further sues Daniel D'Agostino and the law firm of D'Agostino and D'Agostino for allegedly bringing a quiet title

---

[1] The plaintiff alleges that his mother died on April 15, 2005.

4

action in a South Carolina court against the beneficiaries of the last will and testament of Junies Jenkins, Sr. (plaintiff's father). It appears that the plaintiff claims that the attorney assisted in the fraud by representing Sammy and Brenda Jenkins. The plaintiff seeks title to two tracts of property located in Clover, South Carolina, a declaration that Sammy and Brenda Jenkins do not have title to that land, damages related to the destruction/deterioration of the house and rental income from the house, approximately $13,000 taken by Ida Mae Jenkins-Heffner, $1,500 taken by Bennie J. Jenkins, and damages from the attorney and the law firm.

In part two of the lawsuit, the plaintiff brings suit against several individuals and entities who live in Arizona. He alleges that Barbara Ulibari, Terry Goddard, Dora B. Schriro, and Daryl Johnson each are employed by the Arizona Department of Corrections, or contracts with it, or is the Attorney General for the State of Arizona. He further gives the Arizona address for each of those persons. The plaintiff alleges that Ulibari, the contract paralegal with the Arizona Department of Corrections, has wilfully interfered with access to courts in many respects, and that the other defendants have engaged in a conspiracy to conceal Ulibari's actions.

## Discussion

I. <u>Three Strikes Rule.</u>

The plaintiff's claims in this case are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Congress enacted the three-strikes rule to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Senate Select Comm. on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)("When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."); *Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir. 1997). Notably, to avoid application of 28 U.S.C. § 1915(g), a prisoner plaintiff may prepay in full the filing fee; however, the district court is still required to screen all civil lawsuits brought by prisoners pursuant to 28 U.S.C. § 1915A, even those lawsuits where

the full filing fee is paid up front. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

This Court may take judicial notice that the plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by a federal court. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). Specifically, the United States District Court of Arizona noted that this same plaintiff "has at least 'three strikes' under 28 U.S.C. § 1915(g). *See Jenkins v. Dora B. Schriro, et al.*, No. CV 08-1674-PHX-SRB (DKD) (September 16, 2008 Order).[2] That court noted that the plaintiff has three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim: *Jenkins v. Veliz*, CV 95-0142-TUC-RMB (D. Ariz. 1995); *Jenkins v. Veliz*, CV 95-0711-TUC-RMB (SLV) (D. Ariz. 1995); *Jenkins v. Bohland*, CV 06-938-PHX-SRB (DKD) (D. Ariz. 2006). *Id.*

In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint pursuant to 28 U.S.C. § 1915 unless his claim satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. 28 U.S.C. § 1915(g); *see Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998). The complaint does not fit within this exception as the plaintiff does

---

[2] The cases from the United States District Court for the District of Arizona are available on PACER (Public Access to Court Electronic Records).

not allege any imminent danger of serious physical injury. Accordingly, this action should be dismissed without prejudice.

## II. <u>Rooker Feldman Doctrine.</u>

One of the plaintiff's central claims is for this court to quiet title to two tracts of land located in Clover, South Carolina, such that the plaintiff is the rightful owner. It appears that several of the defendants named in this action brought a prior quiet title action in the South Carolina courts about these identical two pieces of real estate. Essentially, the plaintiff requests that this court overturn an order by a South Carolina court with regard to title to those parcels of land. Where a plaintiff seeks review and reversal of a state court judgment in a federal district court, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Accordingly, even if the plaintiff had paid the full filing fee, this action should be dismissed pursuant to the *Rooker-Feldman* doctrine.

## III. <u>Eleventh Amendment Immunity.</u>

The defendants State of Arizona and the Arizona Department of Corrections are subject to dismissal based upon the Eleventh Amendment. The Eleventh Amendment to the United States Constitution

8

divests this federal court of jurisdiction to entertain a suit brought against the State of Arizona or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

IV. Lack of Personal Jurisdiction.

Even if the plaintiff had paid the full filing fee, it appears that this court does not have personal jurisdiction over the individual defendants who reside in Arizona. In order for this court to exercise personal jurisdiction over a non-resident defendant, the defendant's conduct must fall within one of the long-arm statute's enumerated categories of conduct. *See* S.C. Code Ann

§ 36-2-803 (1976). None of the categories apply to conduct alleged with regard to Barbara Ulibari, Terry Goddard, Dora B. Schriro, and Daryl Johnson.

If the plaintiff could establish that one subsection of the long-arm statute was satisfied, the plaintiff must also demonstrate that this court's exercise of in personam jurisdiction over a person comports with the Due Process Clause. See Brown v. Geha-Werke GmbH, 69 F. Supp. 2d 770, 775-76 (D.S.C. 1999). A court must consider whether a defendant that is not present in the forum has sufficient minimum contacts with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)). See also State v. NV Sumatra Tobacco Trading Co., 666 S.E.2d 218, 222 (S.C. 2008).

Based on the plaintiff's allegations, defendants Barbara Ulibari, Terry Goddard, Dora B. Schriro, and Daryl Johnson lack sufficient minimum contacts with South Carolina. Accordingly, the district court should dismiss them for want of personal jurisdiction.

V. Motion for Preliminary Injunction.

The plaintiff filed a 54-page motion for TRO or preliminary injunction against defendants Ulibari, Goddard, Schriro, and Johnson (the Arizona individual defendants). See Docket Entry # 3. The plaintiff alleges that Ulibari has been harassing and deliberately

interfering with his access to the courts. The plaintiff seeks an order that the named persons cease and desist from interfering with his right of access to the courts. For the reasons set forth above, the motion for TRO or preliminary injunction should be denied.

## Recommendation

Accordingly, it is recommended that the district court dismiss this action *without prejudice* and without issuance and service of process and that the motion for TRO or preliminary injunction should be denied. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

October 14, 2008
Charleston, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).