UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Junies A. Jenkins, Jr. #65737 | ) | C/A No.:2:08-cv-03145-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Sammy Joe Jenkins, Sr.; Brenda L. | ) | |
| Jenkins; Ida Mae Jenkins-Heffner; Daniel | ) | |
| D. D'Agostino; Bonnie J. Jenkins; | ) | |
| D'Agostino and D'Agostino; Barbara Ulibari; | ) | |
| Terry Goddard; Dora B. Schriro; Daryl | ) | |
| Johnson; State of Arizona; and Arizona | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. entered on October 14, 2008. Plaintiff, who is incarcerated in the Arizona Department of Corrections, has a long history of filing civil rights actions. He filed this particular complaint, made pursuant to 28 U.S.C. § 1915, on July 20, 2008 amended on October 1, 2008. The magistrate recommends summary dismissal of the action because the plaintiff has already received three strikes pursuant to 28 U.S.C. § 1915(g), and he has failed to allege any imminent threat of serious physical harm. The magistrate also recommends denying the Motion for an Injunction. For the reasons stated below, the magistrate's Report is ADOPTED, and the above-captioned action is DISMISSED without prejudice and without issuance and service of process.

Page 1 of  6

Plaintiff brings this matter pro se.  This Court is required to construe pro se pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978).  This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.

In order for objections to be considered by a United States District Judge, a party must file with the clerk of court written objections that specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to

a specific error in the magistrate judge's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).    The plaintiff has filed objections to the Report and Recommendation.

When an inmate has received three strikes pursuant to 28 U.S.C. § 1915(g) for filing frivolous lawsuits, he or she is completely barred from filing subsequent actions unless the inmate is "under imminent danger of serious physical harm." *Id.*  A plaintiff seeking to satisfy the exception contained in § 1915(g) must offer specific and credible evidence of imminent harm; vague or conclusory allegations are insufficient to avoid dismissal. *Martin v. Shelton*, 319 F.3d 1048 (8th Cir. 2003) (dismissing § 1983 suit due to lack of specific factual allegations); *U.S. v. Tokash*, 282 F.3d 962 (7th Cir. 2002) (rejecting inmates' vague and conclusory argument that the conditions in their prison were sufficiently dangerous and hostile to constitute an imminent threat); *White v. State of Colo.*, 157 F.3d 1226 (10th Cir. 1998) (holding that "Petitioners' Amended Petition is largely a collection of vague and utterly conclusory assertions").

In the Report and Recommendation, the magistrate found that the plaintiff had not alleged any imminent harm and recommended that this action be dismissed. Plaintiff objects to the finding that he has not alleged any imminent threat.  Plaintiff

asserts that he should be able "to contest the validity, legality, and constitutionality,

of the prior court's claims that constitute application of the 'three-strikes' provision

under Section 1997. And, that, due to the complexity of the matter, requires the

assistance of qualified counsel." (Obj. to R&R p.7). The plaintiff argues that in order

to properly respond to the Report and Recommendation, he requires the assistance of

counsel.

The plaintiff has filed numerous frivolous lawsuits. In response to those

lawsuits, an order was issued in the United States District Court, District of Arizona

stating that"Plaintiff has at least 'three strikes' under 28 U.S.C. § 1915(g)." (Order

in No. CV 08-1674-PHX-SRB). The order lists the lawsuits for which the plaintiff

received a strike for the three strikes rule. In the current action, the plaintiff has failed

to establish or allege that the prior lawsuits were not dismissed as frivolous or

malicious, or for a failure to state a claim upon which relief may be granted. He does

not allege imminent bodily harm in the current action; therefore, the claim must be

dismissed per 28 U.S.C. section 1915(g).

The plaintiff also objects to the Report and Recommendation stating that the

magistrate added defendants that were not parties to the plaintiff's pleading. The

magistrate did not err. The magistrate listed the defendants the plaintiff included in

the amended complaint as well as the defendants listed in the Motion for Preliminary

Injunction. The magistrate was merely addressing the Motion for an Injunction as well

as the Complaint in the same Report and Recommendation. The magistrate did not

"tamper" nor "interfere" with the plaintiff's pleading.  This objection is also without merit.

The remainder of the plaintiff's objections, merely restate the arguments in his original complaint.  These objections do not invoke de novo review.

After a review of the magistrate judge's Report and Recommendation, this Court finds that the report is based upon the proper law.  This Court accepts and adopts the magistrate judge's Report and Recommendation in its entirety.

The plaintiff has filed a motion to reconsider the magistrate's order denying the appointment of counsel.  This Court notes that this motion may be untimely as it was not filed within ten days, but in an abundance of caution, the Court will address this motion.  The Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action.  28 U.S.C. § 1915(e)(1) (2006); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971).  However, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  After a thorough review of the record in this case, the Court concludes that there are no exceptional circumstances which justify the appointment of counsel.  This motion is DENIED.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice and without issuance and service of process and that the motion for preliminary injunction be DENIED.

IT IS ALSO ORDERED that the Plaintiff's Motion to Reconsider is DENIED.

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
October 29 , 2008

NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.